TRANS WORLD AIRLINES, Inc., Petitioner,

v.

CIVIL AERONAUTICS BOARD, Respondent.

Nos. 12582, 13363.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 11, 1957.

Decided Jan. 23, 1958.

As Amended March 17, 1958.

Petition for Rehearing Denied March 17, 1958.

1. 2 Harper and James, Torts §§ 27.13–27.17 (1956).

Mr. Charles Pickett, New York City, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of Court, with whom Mr. George A. Spater, New York City, was on the brief, for petitioner. Mr. William Caverly, Washington, D. C., also entered an appearance for petitioner.

Mr. Robert L. Park, Atty., Civil Aeronautics Bd., with whom Mr. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Bd., Messrs. John H. Wanner and O. D. Ozment, Associate Gen. Counsel, Civil Aeronautics Bd., and Mr. Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondent. Mr. Charles H. Weston, Atty., Dept. of Justice, also entered an appearance for respondent in No. 12582.

Before PRETTYMAN, WILBUR K. MILLER, and BURGER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a mail pay case. Under a statute Trans World Airlines, Inc., was entitled to compensation for transporting mail, the amount to be fixed by the Civil Aeronautics Board under statutory standards and directions. The Postmaster General was a party to the proceeding, protagonist of the Government's interest as responsible for the carrying of the mail. A real dispute developed upon a number of items. Principal among these was the treatment of the federal income tax resultant from an emergency facility amortization deduction under Section 124 of the then Internal Revenue Code.[1] The then Solicitor of the Post Office Department signed the brief to the Board in behalf of the Postmaster General on various offset issues.[2] This attorney then became a member of the Civil Aeronautics Board, and when the amortization deduction point came on for decision in the Trans World Airlines case he cast the deciding vote in a three-to-two decision in favor of the Postmaster General. He also cast the vote which effectuated a deadlock on Trans World Airlines' motion for reconsideration, thus causing a denial of the motion. The carrier twice moved for the disqualification of this member.

It is plain that in this statute Congress contemplated an adjudicatory proceeding and conferred upon the Board in this respect quasi-judicial functions. The fundamental requirements of fairness in the performance of such functions require at least that one who participates in a case on behalf of any party, whether actively or merely formally by being on pleadings or briefs, take no part in the decision of that case by any tribunal on which he may thereafter sit. The order is vacated and the case remanded to the Board for reconsideration.

1. Now 26 U.S.C.A. § 168.

2. The Board argues that the amortization deduction point was not briefed in the brief signed by this Solicitor but was noted and argued as an issue after he left that position. We think this fact is immaterial.