Jaki WALKER, Plaintiff–Appellant,

v.

CITY OF BERKELEY, Defendant–Appellee.

No. 90–15353.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1991.

Decided Aug. 22, 1991.

As Amended Dec. 18, 1991.

Joseph Clapp, Herron & Herron, San Francisco, Cal., for plaintiff-appellant.

Marjorie Gelb, Asst. City Atty., Berkeley, Cal., for defendant-appellee.

Before CHAMBERS, GOODWIN and CANBY, Circuit Judges.

GOODWIN, Circuit Judge:

Jaki Walker appeals the judgment, following a jury trial, in favor of the City of Berkeley, in her 42 U.S.C. § 1983 action alleging wrongful termination from her position with the City. Walker alleges that the City deprived her of due process because the decisionmakers at her pretermination and post-termination hearings were biased against her.

## I. *Pretermination Hearing*

Walker contends that the Assistant City Manager who conducted the pretermination hearing was biased against her. The district court granted summary judgment for the City on this claim.

█ Walker's due process claim depends on her having had a property right in continued employment. If she did, then the City could not deprive her of her position without due process. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). *Loudermill* held that respondents had a property interest in their continued employment, because state law provided that they could not be dismissed without cause. *See id.* at 538–39, 105 S.Ct. at 1491–92. Like the respondents in *Loudermill,* Walker was a civil servant who, under City regulations, could be terminated only for cause. She therefore had a property interest in her employment that entitled her to due process protection.

We next consider the degree of protection to which she was entitled. *Loudermill* held that where public employment has due process protection, a hearing is required before termination takes effect. *See id.* at 542, 105 S.Ct. at 1493. Both sides agree that Walker received a pretermination hearing on November 27, 1985. Walker contends, however, that *Loudermill* also requires an impartial decisionmaker and claims that the decisionmaker at her pretermination hearing did not so qualify.

Since *Loudermill,* other circuits have not required that the decisionmaker in a pretermination hearing be impartial, so long as due process is provided in a post-termination hearing. *See, e.g., Duchesne v. Williams,* 849 F.2d 1004 (6th Cir.1988) (no due process violation where allegedly bi-

ased city manager held pretermination hearing for chief building inspector, but Michigan law provided for a full post-termination hearing), *cert. denied,* 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 840 (1989); *Schaper v. City of Huntsville,* 813 F.2d 709 (5th Cir.1987) (no due process violation where decisionmakers at pretermination stage were allegedly biased, but plaintiff was offered a post-termination hearing before a different body).

■ We agree that the failure to provide an impartial decisionmaker at the pretermination stage, of itself, does not create liability, so long as the decisionmaker at the post-termination hearing is impartial. As will be seen, the City denied Walker due process at her post-termination hearing. Therefore, the City cannot escape liability by relying on the summary judgment which eliminated the pretermination claim. It is unnecessary further to consider the pretermination claim. The due process error was in the City's failure to provide due process at Walker's post-termination hearing.

## II. *Post-termination Hearing*

The allegedly defective pretermination proceeding could have been cured by a due process post-termination hearing. But the City failed to provide due process at Walker's post-termination hearing.

Walker had appealed her discharge to the City's Personnel Board. The Personnel Board conducted evidentiary hearings and found that Walker had been discharged without cause. This decision was relayed to the City Manager, who was responsible for the final administrative decision on Walker's termination.

Meanwhile, Walker filed this action in the district court, and a staff attorney from the City Attorney's office was assigned to defend the City. The staff attorney filed a motion in federal court to dismiss this action while, at the same time, she was preparing her recommendation for the City Manager on the Personnel Board's termination decision.

■ A few days after filing her motion in federal court, the staff attorney recommended to the city manager that the Personnel Board's decision be rejected and that Walker's termination be approved. Walker contends that the City denied her due process when it caused the same staff attorney to function both as the City's attorney in the federal court case and as the decisionmaker in Walker's post-termination hearing. We agree.

The special verdict form correctly asked the jury to decide whether the City Manager, the nominal decisionmaker, had made an independent decision on Walker's termination. The jury decided that he had not. This finding necessarily pointed to the staff attorney as the actual decisionmaker.

The next question on the special verdict form asked the jury to decide whether the staff attorney's duties as the attorney opposing Walker in federal court prevented the staff attorney from conscientiously, reaching an independent decision on Walker's termination. The court should not have asked the jury to decide the legal question of the adequacy of the post-termination proceedings. Juries do not decide whether or not a procedure satisfies due process.

In *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the Court said: "That the combination of investigative and adjudicative functions does not, without more, constitute a due process violation, does not, of course, preclude *a court* from determining from the special facts and circumstances present in the case before it that the risk of unfairness is intolerably high." *Id.* at 58, 95 S.Ct. at 1470 (emphasis added). In this case, once the jury had decided the disputed fact that the staff attorney was the decisionmaker, the court, not the jury, should have decided whether the circumstances created an intolerable risk of unfairness.

In *American Gen. Ins. Co. v. Federal Trade Com'n,* 589 F.2d 462 (9th Cir.1979), this court found a violation of due process where, as here, an attorney functioned as counsel for one party in a federal court proceeding and later served as decisionmaker in an administrative proceeding in-

volving the same parties and the same underlying issue.

■ Due process can permit the same administrative body to investigate and adjudicate a case. *Withrow,* 421 U.S. at 54–55, 95 S.Ct. at 1468. The *Withrow* Court noted, however, that in that case, different persons had performed the investigative and decisionmaking functions. *Id.* at 54 & n. 20, 95 S.Ct. at 1468 & n. 20; *see also Schweiker v. McClure,* 456 U.S. 188, 190–91, 197 n. 11, 102 S.Ct. 1665, 1671 n. 11, 72 L.Ed.2d 1 (1982) (finding no due process violation where Medicare permitted insurance carrier employees to serve as hearing examiners, but noting with approval that under the Secretary's rules, " '[t]he individual selected to act in the capacity of [hearing officer] must not have been involved in any way with the determination in question and *neither have advised nor given consultation* on any request for payment which is a basis for the hearing.' ") (emphasis added) (quoting Secretary's instruction manual). By contrast, in both *American General* and in the instant case, the fatal defect was in allowing the same *person* to serve both as decisionmaker and as advocate for the party that benefited from the decision.

The City argues that *American General* should not control because the staff attorney did not handle the same issues in each of her roles. By contrast, the City argues, the attorney in *American General* handled identical issues on both occasions. *American General,* however, cited with approval a case disqualifying a member of the Civil Aeronautics Board, even though the brief he had signed as counsel for one party "argued different questions than those involved in the proceeding upon which he sat after his appointment to the CAB." *American General,* 589 F.2d at 464 (citing *TWA v. Civil Aeronautics Bd.,* 254 F.2d 90 (D.C.Cir.1958)).

In the instant case, both of the cases that the staff attorney handled involved the same parties and the same underlying issue—Walker's challenge to her termination. The staff attorney had to know that her decision on the merits as an administrator could play a major role in the outcome of the pending federal suit, in which she was representing the City. The staff attorney was able to establish an administrative decision in the City's favor, which was then introduced as evidence in the federal wrongful termination trial. Under the reasoning of *American General,* we agree that the staff attorney's dual role violated due process.

The City relies on *Vanelli v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773 (9th Cir. 1982), in which we held that a school board's participation in an initial termination decision did not render the board impermissibly biased when it conducted the subsequent termination hearing. *See id.* at 779 n. 10. *Vanelli* involved whether an administrative body could rehear its own initial decision, a process that we analogized to the situation that exists when a judge or administrator rehears his own decision after reversal and remand. *See id.* Here, by contrast, the question raised is whether the same person can serve as both administrative decisionmaker and as advocate in a federal court proceeding involving the same parties and the same underlying issue. *Vanelli* is irrelevant to this question. The other cases on which the city relies all suffer from the same defect. None of them involves the question presented here.

Because we find in Walker's favor on this ground, we do not reach her alternate contention that the City denied her due process by not appointing as her decisionmaker the person charged under City law with making the administrative decision on her termination.

Because the City denied Walker an impartial decisionmaker at her post-termination hearing, the verdict must be set aside and the cause remanded for further proceedings to determine the appropriate remedy.

REVERSED AND REMANDED.

CHAMBERS, Circuit Judge, concurring:

In this case our trial judge used a jury to review the simon-pureness of the adminis-

trative proceedings. This is a curious procedure.

So what was the judge's function? Beyond trying federal judges or criminal indictments of judges, I have never found any case where the jury can try the judge.