86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael V. BASSO, Plaintiff-Appellant
v.
CITY OF WEST COVINA; Herman R. Fast, City Manager; Ronald
E. Holmes, Chief of Police; West Covina Police
Department, Defendants-Appellees.
 No. 94-56592.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1996.
Decided June 3, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Michael Basso was dismissed from his job as a police officer for the City of West Covina because of five incidents of misconduct. He brought a 42 U.S.C. § 1983 action against West Covina, Ronald Holmes, the police chief, and Herman Fast, the city manager, claiming that they denied his procedural and substantive due process rights during the termination process.
 
 
 3
 Basso was given both a pretermination and a posttermination hearing. At the posttermination hearing West Covina's Personnel Commission found that the City did not adequately prove just cause to dismiss Basso, and recommended less severe sanctions. According to the West Covina Municipal Code, after the Personnel Commission holds a posttermination hearing, its findings and recommendations must be provided to the city manager and to the official responsible for the initial employment action, who must review the findings. Then, with the city manager's approval, the responsible official may either affirm, revoke, or modify the original action. This then becomes the final decision. West Covina Muni.Code § 2-257. After the Commission reached its decision in Basso's case, Holmes and Fast reviewed the decision. They decided to reject the Commission's recommendation and to affirm Holmes' initial decision to terminate Basso.
 
 
 4
 Basso brought suit in federal court, and the district court granted the appellees' motion for summary judgment. Basso filed a timely appeal. We affirm.
 
 
 5
 * Basso's primary argument on appeal is that he was denied due process when Chief Holmes and City Manager Fast met and decided to terminate him, even though the Commission recommended less severe sanctions.
 
 
 6
 The fourteenth amendment due process clause guarantees that adequate procedural protections will be provided whenever a constitutionally protected property interest is threatened. Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Walker v. City of Berkeley, 951 F.2d 182, 183 (9th Cir.1991); Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 777 (9th Cir.1982). Before an employee with a property interest in his job may be terminated, the responsible agency must conduct a pretermination hearing to provide "an initial check against mistaken decisions--essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46 (1985); see also Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (citing the factors to be weighed when determining what procedures are required before terminating a particular benefit). Due process requires that this hearing must afford the employee notice of the charges against him, an explanation of the employer's evidence, and an opportunity to respond. Loudermill, 470 U.S. at 546; Matthews v. Harney County, Or. Sch. Dist. No. 4, 819 F.2d 889, 892 (9th Cir.1987).
 
 
 7
 If the pretermination hearing is adequate, the agency is not required to take any further action. Essentially, all that is required is that the employee must get "notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Vanelli, 667 F.2d at 779-80 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "An individual must have an opportunity to confront all the evidence adduced against him, in particular that evidence with which the decisionmaker is familiar." Id. at 780.
 
 
 8
 Neither party disputes that Basso received constitutionally adequate pre- and posttermination hearings. Instead, Basso argues that the subsequent meeting between Holmes and Fast was another hearing to which he was entitled to notice and an opportunity to respond.
 
 
 9
 There is no case law suggesting that the employee is entitled to be present at every possible point in the decisionmaking process. West Covina's appeals process provided Basso adequate notice of the charges and the opportunity to defend himself against those charges. Basso was present at both hearings, and he was represented by counsel. Even though he had an adequate pretermination hearing, West Covina also provided a posttermination hearing. The fact that West Covina allowed the responsible official and the City Manager to review the Commission's findings and then to make the final decision does not render the process unsound constitutionally. In these circumstances, we find that Basso clearly received sufficient procedural due process protections.
 
 
 10
 Basso's other arguments regarding the propriety of Holmes' and Fast's decision are without merit. The additional incidents of misconduct recounted in Holmes' memo to Fast were included in the initial notice of proposed dismissal sent to Basso before the pretermination hearing. At that hearing Basso had the opportunity to address these incidents as well as the five incidents that led to his dismissal.
 
 
 11
 Moreover, Holmes and Fast testified that they based the decision to terminate Basso on the five charged incidents and did not consider the additional items as anything but incidental facts. See, e.g., Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1413 (8th Cir.1990) (noting that prior disciplinary problems considered during decisionmaking were not allegations, but were merely facts that the employee must have known would be considered); Linton v. Frederick County Bd. of County Comm'rs, 964 F.2d 1436, 1441 (4th Cir.1992) (holding that without evidence that the specified charges were a pretext to conceal the real cause of termination, it did not offend due process to deny the employee the opportunity to respond to "other incidents" of misconduct). Basso was given ample opportunity to respond to the charges that ultimately led to his discharge.
 
 
 12
 Basso also asserts vague arguments that either Holmes or Fast was not an impartial decisionmaker as due process dictates. See Withrow v. Larkin, 421 U.S. 35, 46-47 (1975). The Supreme Court made clear in Withrow that the same party may investigate and then adjudicate a dispute without violating due process, provided that there is no evidence of actual bias by the decisionmaker. Id. Here, neither Holmes nor Fast knew Basso personally, or had any significant contact with him before the termination inquiry began. Furthermore, Basso has not asserted any evidence that either Holmes or Fast was actually biased against him. There is no credible evidence that they were not impartial decisionmakers.
 
 II
 
 13
 Basso further contends that "the entire course of conduct engaged in by the Appellees amounts to clearly arbitrary and unreasonable conduct," in violation of his substantive due process rights. We reject this argument as well.
 
 
 14
 Substantive due process addresses government actions that cannot be permitted, no matter how many procedural safeguards are provided. Lebbos v. Judges of the Superior Court, Santa Clara County, 883 F.2d 810, 818 (9th Cir.1989). To state a substantive due process claim, the government's action must have been " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.' " Id. (quoting Village of Euclid v. Amber Realty Co., 272 U.S. 365, 395 (1926)).
 
 
 15
 Chief Holmes' decision to terminate Basso was substantially related to the public health and safety. Holmes has stated that he believed Basso's "repeated episodes of dishonesty and excessive force posed a serious threat to the community as well as the City. His continued employment would have exposed the City to considerable liability, especially in light of his numerous violations of Department policy." Basso's pattern of conduct obviously presented a danger to the citizens and to his employer.
 
 
 16
 Furthermore, the specific action Basso claims was arbitrary and capricious was the City's mailing of his notice of dismissal by registered mail rather than regular mail. We believe that the City acted well within the limits of due process to choose registered mail. Ultimately, Basso has not alleged sufficient facts to state a claim that West Covina acted arbitrarily or capriciously.
 
 III
 
 17
 Officer Basso was given constitutionally sufficient pre- and posttermination hearings and was then entitled to judicial review, in state or federal court. This process afforded him adequate due process. We therefore affirm the district court's grant of summary judgment in favor of the defendants.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3