139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary V. JERNIGAN, Plaintiff-Appellant,
v.
N. Fry, Correctional Lieutenant, California State Prison
Solano; Wendy Still, Associate Warden, California
State Prison Solano, Defendants-Appellees.
 No. 97-16367.
D.C. No. CV-96-01717-WBS.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Gary V. Jernigan appeals pro se the district court's 28 U.S.C. § 1915A dismissal for failure to state a claim of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a § 1915 dismissal for abuse of discretion, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995), and we vacate and remand.
 
 
 3
 Jernigan alleges in his complaint that his due process rights were violated when defendant Fry reviewed on administrative appeal her own investigative finding that Jernigan was guilty of the disciplinary charge. Due process requires a non-biased decisionmaker. See Wolff v. McDonnell, 418 U.S. 539, 570-71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Walker v.. City of Berkeley, 951 F.2d 182, 185 (9th Cir.1991); cf. Withrow v. Larkin, 421 U.S. 35, 58 n. 25, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (listing prior Supreme Court cases holding that "when review of an initial decision is mandated, the decisionmaker must be other than the one who made the decision under review").
 
 
 4
 However, Jernigan must also allege that the punishment imposed significant and atypical hardship upon him such that he had a protected liberty interest entitling him to due process protections. See Sandin v. Connor, 515 U.S. 472, 484, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Because it is possible that Jernigan could cure the deficiencies of his complaint by amendment, the district court abused its discretion by dismissing his complaint. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995).
 
 
 5
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3