### John VANDERWALKER; et al., Plaintiffs—Appellants,

v.

### KING COUNTY; et al., Defendants— Appellees.

No. 02–36023.

D.C. No. CV–01–01817–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided Feb. 18, 2004.

David A. Williams, Bellevue, WA, for Plaintiffs–Appellants.

Susan N. Slonecker, Regina Cahan, Esq., John R. Zeldenrust, Esq., Mark G. Stockdale, King County Prosecuting Attorney's Office, Seattle, WA, for Defendants–Appellees.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM *

John Vanderwalker appeals the summary judgment dismissal of his complaint alleging procedural and substantive due process violations and various state law claims arising out of the manner in which King County and Sheriff David Reichert

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

handled his termination. We affirm. As the parties are familiar with the facts of this case, we recite them only as necessary to explain our decision.

Vanderwalker contends that dismissal of his procedural due process claim was improper because a triable issue of fact exists as to whether Sheriff Reichert predetermined the outcome of Vanderwalker's *Loudermill* hearing. While it is true that a *Loudermill* hearing with a predetermined result is constitutionally inadequate, *see Matthews v. Harney County*, 819 F.2d 889, 893 (9th Cir.1987), a public employee facing termination is not entitled to an unbiased *Loudermill* decisionmaker, so long as the decisionmaker at the post-termination hearing is impartial. *See Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir.1991). The post-termination decisionmaker in this case, Arbitrator Grasso, was clearly impartial, and Vanderwalker does not contend otherwise.

Only a few of the actions cited by Vanderwalker as circumstantial evidence that the result of his *Loudermill* hearing was predetermined are actually attributable to Reichert. Those actions are: (1) Reichert initiated the investigation into the pepper spray incident after footage of the incident was televised; (2) Reichert proceeded to terminate Vanderwalker despite evidence that the alleged victims of the pepper spray incident lied to television reporters about some of Vanderwalker's actions; (3) Reichert did nothing in response to the fact that Sergeant McSwain breached departmental procedure by releasing Vanderwalker's name in connection with the pepper spray incident; (4) roughly one month prior to the *Loudermill* hearing, Reichert initiated the Internal Investigations memorandum recommending termination; (5) Reichert did not mention the dishonesty charge in his press release concerning Vanderwalker's termination even though that charge was necessary to Reichert's ultimate decision; and (6) during the *Loudermill* hearing, Vanderwalker and his Guild Representative, Deputy Eggert, "were cut short at times ... which is somewhat unusual for the sheriff." These facts, even when viewed in the light most favorable to Vanderwalker, are insufficient to permit a trier of fact properly to find that Reichert predetermined the result of the *Loudermill* hearing.

As a preliminary matter, Sheriff Reichert's decision not to give dispositive weight to the fact that the complainants had lied about some matters was well within his prerogative as a *Loudermill* decisionmaker. Thus, his knowledge that the complainants had lied does not suggest that he predetermined the result of the *Loudermill* hearing.

Additionally, there is no basis in the record to think that Reichert could have or should have done anything about the fact that McSwain released Vanderwalker's name in connection with the pepper spray investigation. There is no indication that other officers modified their statements to inculpate Vanderwalker, and indeed, there is no suggestion that Reichert relied on the testimony of other officers.

As for the Internal Investigations memorandum Reichert initialed prior to the *Loudermill* hearing, Reichert testified that his signature on the memorandum is standard procedure—a necessary prerequisite to initiating the *Loudermill* process and terminating an employee. There is no contrary indication in the record, and in fact, because the memorandum appears to serve no other functional purpose, there is no reason to believe—as Vanderwalker would have us do—that Reichert initialed the memorandum as an expression of his preconceived desire to terminate Vanderwalker.

The remaining facts—Reichert's initiation of the pepper spray investigation, the failure to mention the dishonesty charge in the press release, and the opaque accusation that Vanderwalker and Eggert were "cut short at times"—are simply insufficient to show predetermination, particularly when *Walker* explicitly allows for a *Loudermill* decisionmaker who is not impartial. The procedural due process claim cannot survive summary judgment.

We affirm dismissal of the remaining claims for the reasons given by the district court.

AFFIRMED.