**Aaron LEWIS, Plaintiff—Appellant,**

v.

**LYON COUNTY SHERIFF, et al., Defendants—Appellees.**

No. 03–15168.

D.C. No. CV–01–0450–DWH (VPC).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 18, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kenneth James McKenna, Reno, NV, for Plaintiff–Appellant.

Keith Loomis, Carson City, NV, for Defendants–Appellees.

Before B. FLETCHER, REINHARDT, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM**

Appellant Aaron Lewis appeals the district court's grant of summary judgment to Lyon County, the Lyon County Sheriff's Department, and the Lyon County Sheriff ("the County"), on his claim that he was denied his federal due process rights when he was discharged from his employment as a deputy sheriff. The facts are known to the parties and we need not repeat them here.

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court *sua sponte* held that Lewis was an at-will employee and, as such, that he did not have a protected property interest in his continuing employment.[1] In doing so, the district court plainly erred for two reasons. First, it raised the property-interest issue *sua sponte,* and did so without providing Lewis with the notice it was required to provide under *O'Keefe v. Van Boening,* 82 F.3d 322, 324 (9th Cir.1996). Second, Article Eleven of Lewis' Collective Bargaining Agreement with the Lyon County Sheriff's Department states that an employee cannot be terminated except for cause. Just cause provisions in collective bargaining agreements create protected property interests in employment. *See Wheaton v. Webb–Petett,* 931 F.2d 613, 616–17 (9th Cir.1991); *Walker v. City of Berkeley,* 951 F.2d 182, 183 (9th Cir.1991); *see also Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2nd Cir.1991).

■ Although the district court erred in holding that Lewis had no protected property interest, "[i]f the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning." *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 643 (9th Cir.1989). The County has maintained throughout this litigation that Lewis was provided with due process. In its motion for summary judgment, the County argued that Lewis was provided with a pre-termination hearing for which he was given notice and an opportunity to respond. It further contended that Lewis had a right to appeal to a neutral arbiter, and he was aware of this right, but chose not to appeal. The County also noted that the Association filed a request for arbitration to preserve Lewis' right to arbitration pending his appeal to the general membership of the Association.

■ With one exception,[2] Lewis failed to controvert any of the County's facts with evidence, nor did he offer any legal arguments to rebut the County's arguments in the district court or in his opening brief.[3] Thus, it is plain that Lewis did not show the existence of a genuine issue of material fact with respect to whether the procedures he was provided satisfied the requirements of due process. He thus failed to satisfy his burden in opposing summary judgment. *See* Fed.R.Civ.P. 56(c). Accordingly, we affirm on alternate grounds the district court's grant of summary judgment to the County. *See* Fed.R.Civ.P. 56(c), (e).

The decision of the district court is AFFIRMED.

1. We express no view on the merits of Lewis' several state law claims, over which the district court declined to exercise pendant jurisdiction.

2. Lewis did at one point argue that his pre-termination hearing was infected with bias because Sheriff Smith had made up his mind before hearing Lewis' claims. But due process does not require that the decision maker at a pre-termination hearing be impartial so long as the post-termination hearing provides due process. *Walker v. City of Berkeley,* 951 F.2d 182, 184 (9th Cir.1991).

3. In his reply brief on appeal, Lewis for the first time makes factual allegations that might support a claim for a breach of the duty of fair representation. Because those allegations are not a part of the record before us, we do not reach the merits of any such claim. Nor do we consider here whether a public employee asserting such a breach may sue both his employer and his union under 42 U.S.C. § 1983, as may a private employee under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).