**Hugh QUALLS; Holly Qualls,
Plaintiffs–Appellants,**

v.

**Steven COOK, individually and in his official capacity as Superintendent; Mineral County School District, Defendants–Appellees.**

**No. 05–15473.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Aug. 15, 2007.

Alice Campos Mercado, Esq., Lemons, Grundy & Eisenberg A Professional Corporation, Reno, NV, for Plaintiffs–Appellants.

David B. Lockie, Esq., Lockie & MacFarlan, Ltd., Elko, NV, Thorndal, Armstrong, Delk, Balkenbush & Eisinger A Professional Corporation Law Offices, Reno, NV, for Defendants–Appellees.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

### MEMORANDUM *

On November 7, 2002, plaintiff-appellant Hugh Qualls, principal of the Hawthorne Elementary and Junior High Schools for the Mineral County School District, was placed on non-disciplinary administrative leave with pay. On January 6, 2003, Qualls's status was changed; he was suspended without pay. A five-day pre-termination hearing was held subsequently before an impartial hearing officer, who concluded that the record did not support terminating Qualls. Qualls was reinstated by the Mineral County School Board, effective June 18, 2003.

Qualls and his wife brought suit under 42 U.S.C. § 1983, alleging that he was denied an adequate and fair process by the Mineral County School District and its superintendent, Steven Cook, acting in his individual and official capacities (collectively, "the defendants"). The district court granted summary judgment to the defendants. The Qualls now appeal. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and reviews *de novo* the district court's decision to grant summary judgment. *See Qwest Commc'ns, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir. 2006). This court's review is thus governed by the standard set out in Federal Rule of Civil Procedure 56(c). *See id.* (citing *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004)).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because the degree of deprivation suffered by Qualls and the procedures available to him to challenge that deprivation differed in the two periods at issue—first when he was placed on administrative leave with pay, and later when he was suspended without pay—our due process analysis requires that we examine each period separately.

### I.

Qualls argues that, as a post-probationary public school administrator serving under an employment contract, his constitutionally-protected property interest in continued employment was implicated when he was placed on non-disciplinary administrative leave with pay.

Although the Supreme Court has not decided whether procedural due process protections extend to employee discipline short of termination, *Gilbert v. Homar*, 520 U.S. 924, 928–29, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997), our discussion in *Peacock v. Board of Regents of the Universities and State Colleges*, 510 F.2d 1324, 1326–30 (9th Cir.1975), suggests that due process extends to situations in which an employee with a protected interest in continued employment is suspended with pay. Here, we need not decide definitively whether Qualls possessed a cognizable property interest in avoiding placement on administrative leave with pay, but can assume that such an interest, albeit "relatively slight," exists. *Id.* at 1327–29.

We make this assumption because we find that the undisputed facts show that, given the circumstances of this case, Qualls was afforded constitutionally-adequate procedures to protect any limited interest he might have had in avoiding placement

on non-disciplinary administrative leave with pay. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (describing the three factors that must be considered to determine the dictates of due process in a particular case).

## II.

Qualls was later placed on suspension without pay. However, he continued to receive his salary because he posted a bond pursuant to Section 391.314(4) of the Nevada Revised Statutes.[1] Although the district court concluded that Qualls's property interest in these circumstances was "very little, if any," we proceed on the assumption that this action did indeed deprive Qualls of a protected property interest. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1177 n. 8 (9th Cir. 1998) (following *Gilbert*, in assuming without deciding that a suspension without pay implicates due process requirements).

Nonetheless, we affirm the district court's determination that the requirements of due process were satisfied in this case. While no pre-suspension hearing was held, Qualls did receive written notice and a post-suspension hearing before an impartial hearing officer.[2]

As the Supreme Court has explained, "[a]n important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation." *Fed. Deposit Ins. Co. v. Mallen*, 486 U.S. 230, 240, 108 S.Ct. 1780, 100 L.Ed.2d 265 (1988).

Such was the case here. Qualls's suspension served the defendants' strong interests in ensuring adequate and appropriate leadership at Hawthorne Elementary and Junior High Schools to safeguard the district's students and in protecting the taxpaying public. Importantly, the decision to suspend Qualls without pay was made following the receipt of a third party's investigatory report. That investigation—upon which the defendants, particularly Cook, relied—afforded Qualls an opportunity to be interviewed and to present his side of the story. We find that the report provided the defendants with a "substantial assurance that the deprivation [was] not baseless or unwarranted." *Id.*[3]

1. The statute provides:

> A licensed employee who furnishes to the school district a bond or other security which is acceptable to the board as a guarantee that he will repay any amounts paid to him pursuant to this subsection as salary during a period of suspension is entitled to continue to receive his salary from the date on which the dismissal proceedings are commenced until the decision of the board or the report of the hearing officer, if the report is final and binding. The board shall not unreasonably refuse to accept security other than a bond. An employee who receives salary pursuant to this subsection shall repay it if he is dismissed or not reemployed as a result of a decision of the board or a report of a hearing officer.

> Nev.Rev.Stat. § 391.314(4).

2. According to the parties, the timing of the hearing was mutually agreed upon, and Qualls has not challenged the hearing as untimely.

3. Qualls advances the view that Cook, driven by animosity toward Qualls, worked with the third party investigator to manufacture a biased and inaccurate report. However, the record, even when viewed in the light most favorable to Qualls, does not sustain his position. Moreover, while Cook may have been biased against Qualls and the third party investigator may have had a conflict of interest, neither of these facts, of themselves, require reversal, since the impartiality of the hearing officer who conducted Qualls's post-deprivation proceedings is undisputed. *See Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991) (noting that "the failure to provide an

## III.

Having reviewed the record and considered the arguments presented by both parties, we affirm the district court's grant of summary judgment to the Mineral County School District and the superintendent Steven Cook in both his individual and official capacities.

AFFIRMED.

impartial decisionmaker at the pretermination stage, of itself, does not create liability, so long as the decisionmaker at the post-termination hearing is impartial"). Further, critically, the facts of this case show that the report at issue here still provided the requisite assurance that the deprivation was not "baseless or unwarranted." *Mallen*, 486 U.S. at 240, 108 S.Ct. 1780.