MEMORANDUM *
Kerry and Kellie Moore appeal the district court’s orders granting summary judgment and awarding taxation of costs in favor of King County Fire Protection District No. 26, James D. Polhamus, David Lawrence, Jerry Harris, and Gary Bollinger. Moore also seeks a new trial on their state law discrimination claim. We affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.
We reject Moore’s 42 U.S.C. § 1983 claim that the defendants violated his constitutional right to procedural due process by utilizing an allegedly biased decisionmaker and failing to produce all of the evidence considered against him at his pre-termination hearing. The defendants provided Moore with notice and a hearing, in compliance with the minimum requirements of Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538-46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Furthermore, even assuming the pre-termi *7 nation hearing was procedurally deficient, available post-hearing remedies in the form of detailed grievance procedures established by the collective bargaining agreement satisfied Moore’s procedural due process right to present evidence before an impartial decision maker. See Walker v. City of Berkeley, 951 F.2d 182, 184-85 (9th Cir.1991).
We also reject Moore’s 42 U.S.C. § 1983 claim that his discharge for dereliction of duty violated his substantive due process right to engage in the occupation of his choosing. See Engquist v. Or. Dep’t of Agric., 478 F.3d 985, 997-98 (9th Cir. 2007), aff'd on other grounds, — U.S. -, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008). The Fire District has subsequently rehired Moore, and he has apparently been working as a Firefighter First Class since 2006. Therefore, he cannot meet his heavy burden of demonstrating that the defendants’ actions have made it “virtually impossible” for him to find employment in his chosen profession. See id. at 998-99 (internal quotation marks omitted).
Pursuant to the Washington Supreme Court’s recent decision in Hale v. Wellpinit School District No. 49, 198 P.3d 1021, 165 Wash.2d 494 (2009), we vacate the judgment as to Moore’s state law discrimination claim. The Washington state legislature’s retroactive application of its 2007 amendment adding a statutory definition for “disability” to the Washington Law Against Discrimination, Rev.Code Wash. § 49.60.040(25) (2008), does not violate the state constitution’s separation of powers doctrine. Hale, 198 P.3d at 1024-25, 1028, 165 Wash.2d at 501-02, 509-10. The amended definition therefore applies to Moore’s cause of action, rendering improper the district court’s instruction to the jury defining disability according to McClarty v. Totem Electric, 137 P.3d 844, 851, 157 Wash.2d 214, 228 (2006) (en banc). Moore’s state law discrimination claim is remanded to the district court for further proceedings consistent with this disposition.
Finally, because the defendants are no longer the “prevailing party[,]” we vacate the district court’s award of taxation of costs. See Fed.R.Civ.P. 54(d).
AFFIRMED in part; VACATED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.