FILED

NOT FOR PUBLICATION

OCT 15 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTINE M. PHILLIPS,

Plaintiff - Appellant,

v.

MARION COUNTY SHERIFF'S
OFFICE, a department of Marion County;
et al.,

Defendants - Appellees.

No. 11-35833

D.C. No. 6:09-cv-06061-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 9, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiff Kristine Phillips appeals the district court's order granting judgment

as a matter of law and an evidentiary ruling made during trial.  Specifically,

Phillips appeals the district court's order holding that she lacked a constitutionally

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

protected property interest in the arbitration award granting reinstatement of her employment and that Defendant Isham was entitled to qualified immunity. She also appeals the district court's evidentiary ruling that excluded evidence of Isham's resignation as the County sheriff on the grounds that it was unduly prejudicial.

We review a grant of judgment as a matter of law de novo. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).

Because there were no facts in dispute, whether Phillips had a constitutionally protected property interest was a question of law for the judge. *See e.g.*, *Walker v. City of Berkeley*, 951 F.2d 182, 183 (9th Cir. 1991).

The district court appears to have misread the Collective Bargaining Agreement between the County and Sheriff's Association. The CBA requires the County to engage in binding arbitration if the *Association* (the employee's bargaining agent) wishes to engage in arbitration. The CBA refers to the decision to participate in binding arbitration as the Association's "right." Oregon law specifically allows for such an arrangement as a way to resolve employee grievances. Or. Rev. Stat. § 243.706(1). The County's agreement in the CBA to submit to arbitration for all grievances, and to accept the decision of the arbitrator as binding, was "intended to be a significant substantive restriction on [the

2

County's] decision making." *See Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1178 (9th Cir. 1998) (internal quotations marks omitted).  When the arbitrator reinstated Phillips, the County did not have discretion to ignore the reinstatement award; it *had* to abide by it.  Phillips, therefore, had a "legitimate claim of entitlement," to the outcome of the arbitrator's award and had a property interest in her arbitrator-ordered reinstatement.  *See Sanchez v. City of Santa Ana*, 915 F.2d 424, 428 (9th Cir. 1990).

Accordingly, the district court erred in holding that Phillips did not have a constitutionally protected property interest in her arbitrator-ordered reinstatement.

As for whether Isham should be entitled to qualified immunity, the only question is whether it was clearly established that Isham had to abide by the arbitrator's award.  Isham argues he reasonably believed that, pursuant to § 243.706(1), reinstating Phillips after her misconduct was clearly contrary to the public policies barring the mistreatment of, and the unjustified use of force against, inmates.

A reasonable official would understand that Phillips had to be reinstated.  This issue was definitely resolved several years before the events at issue here by *Washington County Police Officers' Association v. Washington County*, 335 Or. 198, 205–06 (2003), *remanded to* 187 Or. App. 686 (2003).  The Oregon Supreme

3

Court held that, under § 243.706(1), "the enforceability of the arbitrator's award does not turn on whether the employee's [misconduct] violated some public policy. The proper inquiry, instead, is whether the *award itself* complies with the specified kind of public policy requirements." *Id*. at 205 (emphasis in original).

Therefore, it should have been sufficiently clear to Isham, in June 2008, that he could not refuse to follow the arbitrator's award ordering reinstatement simply based on Phillips's misconduct. The only way Isham could have refused to enforce the arbitration award was if "some statute or judicial opinion outline, characterize, or delimit a public policy against reinstating a police officer whom an investigation has found [to have engaged in the misconduct Phillips was found to have committed] and [only if] the statute or decision articulate[s] that policy in such a way as to leave no serious doubt or question respecting the content or import of that policy[.]" *See Washington County*, 187 Or. App. at 691–92 (internal quotation marks omitted). Isham did not rely on any statute or judicial decision that precludes reinstatement in Phillips's instance at the time he refused to reinstate her, nor does he identify one now. As the Oregon Supreme Court made clear in *Washington County*, Isham could not refuse to enforce the arbitrator's award under § 243.706(1) based on Phillips' misconduct, as he did. Accordingly, the district court erred in granting Isham qualified immunity.

Because we are reversing the district court's order granting judgment for Defendants, we need not address Phillips' alternative ground for appeal regarding the district court's evidentiary ruling.

For the foregoing reasons, we **REVERSE** the district court's judgment as a matter of law for Defendants, and order the district court to enter judgment as a matter of law for Phillips and to reinstate the jury's damages verdict. We **VACATE** the district court's award of costs against Phillips and **REMAND** the issue of costs for determination by the district court.