**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FARID SHAHRIVAR,

          Plaintiff-Appellant,

v.

CITY OF SAN JOSE, a municipality; et al.,

          Defendants-Appellees.

No.   15-17516

D.C. No. 5:10-cv-01029-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted August 17, 2018
San Francisco, California

Before: BEA and CHRISTEN, Circuit Judges, and McLAUGHLIN,[**] District Judge.

Farid Shahrivar, proceeding pro se, appeals the district court's dismissal of

his Sixth Amended Complaint ("SAC") for failure to state a claim upon which

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

relief can be granted. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

Because the parties are familiar with the facts and procedural posture of this case, we recite only those allegations from the SAC which are necessary to resolve Shahrivar's appeal. We review a dismissal for failure to state a claim *de novo,* accepting all of Shahrivar's well-pleaded factual allegations as true and construing them in the light most favorable to him. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

1. *§ 1983 Retaliation Claim.* "'To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). The SAC does not contain sufficient material to determine what, if any, federal constitutional provision or statute serves as the foundation for Shahrivar's retaliation claim under § 1983. This omission is fatal and dismissal was appropriate.

2. *§ 1983 Procedural Due Process Claim.* To state a claim for a due process violation, Shahrivar must allege "that he has a protected property interest

2

under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). The parties do not dispute that Shahrivar had a protected property interest in his continued employment as a public employee. *See Skelly v. State Personnel Bd.*, 539 P.2d 774, 783 (Cal. 1975). Accordingly, he was entitled to notice and a pre-termination hearing. *See Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 965 (9th Cir. 2011).

We credit, as we must, Shahrivar's allegation that the pre-termination hearing officer was not impartial. However, "the decisionmaker in a *pre-termination* hearing need not be impartial, so long as an impartial decisionmaker is provided at the post-termination hearing." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 333 n.15 (9th Cir. 1995) (citing *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991)) (emphasis in original). Because the SAC does not allege that the *post-termination* hearing officer was biased, Shahrivar failed to state a claim for a procedural due process violation and dismissal of that count was also warranted.[1]

3. *California Fair Housing and Employment Act Claims.* Shahrivar alleges

---

[1] The City's request that we judicially notice certain portions of its charter and municipal code that pertain to pre-termination procedures (Docket No. 27) is GRANTED.

3

that the City of San Jose violated the California Fair Housing and Employment Act ("FEHA") by failing to provide him with a reasonable accommodation. "The statute of limitations for FEHA actions states, in pertinent part: 'No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred[.]'" *Richards v. CH2M Hill, Inc.*, 29 P.3d 175, 182 (Cal. 2001) (quoting Cal. Gov't Code § 12960 (West 2000)). Although the California Supreme Court has adopted a broadly inclusive approach to the "continuing violation doctrine" under FEHA where an employee persists in seeking a reasonable accommodation for a disabling condition, it has also recognized that "[w]hen the hope that conditions will improve or that informal conciliation may succeed is unreasonable, as when an employer makes clear that it will not further accommodate an employee, justification for delay in taking formal legal action no longer exists." *Id.* at 823 (internal citation omitted).

Viewing the SAC in its entirety, we conclude that Shahrivar's own allegations establish that his employer "ma[de] clear that it [would] not further accommodate" him by December 2006. *Id.* Shahrivar alleges that he requested transfers or other accommodations on at least four occasions in 2006, all of which were summarily denied by his employer. Because this alleged failure to accommodate "acquired a degree of permanence" which should have made clear to

4

a reasonable employee that "any further efforts at informal conciliation to obtain reasonable accommodation or end harassment [would] be futile," the statute of limitations began running on all of Shahrivar's FEHA claims no later than the end of 2006. *Id.*

Although Shahrivar filed a timely complaint with the California Department of Fair Employment and Housing ("DFEH"), which issued him a right-to-sue notice on June 19, 2006, he elected not to initiate a civil action.[2] Because the original complaint in this lawsuit was filed on March 10, 2010, all of Shahrivar's FEHA claims are time-barred.

4. *§ 1981 Claim Against the City of San Jose.* "[C]laimants suing state actors [under § 1981] must establish that their alleged injury was the result of a 'policy or custom' of that state actor." *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). Shahrivar's allegations do not plausibly allege that the City of San Jose maintained a discriminatory policy or custom and his claim against the municipality was properly dismissed.

5. *§ 1981 Claim Against Individual Defendants.* To state a retaliation claim

---

[2] In light of our conclusion that Shahrivar's FEHA claims accrued in 2006, Shahrivar's further claims filed with DFEH after January 1, 2008 were also untimely because they were not filed within one year of December 31, 2006.

under 42 U.S.C. § 1981, a plaintiff must show he (1) engaged in protected conduct; (2) his employer took an adverse action against him; and (3) there was a causal connection between his protected activity and the adverse employment action. *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).

The parties do not appear to dispute that Shahrivar's Equal Employment Opportunity Commission ("EEOC") and DFEH complaints constitute protected activity for the purposes of § 1981. Following his first EEOC complaint, filed in June 2006, Shahrivar alleges that Defendant Tsao, together with three other individuals, acted to mislead civil rights investigators who then closed their investigation.[3] He further contends that Tsao and Defendant Sykes placed a letter of reprimand in his file and completed a negative performance evaluation approximately one month after EEOC issued its first right-to-sue letter. Shahrivar also alleges that he was effectively demoted to a different department following a meeting with Defendant White to report Sykes's and Tsao's alleged retaliation.

---

[3] Shahrivar's § 1981 claims are subject to the four-year catch-all statute of limitations established by 28 U.S.C. § 1658(a). *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); *see also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1003 (9th Cir. 2011) ("Because they arise under a post-December 1, 1990 Act of Congress, section 1981 retaliation claims are governed by the four-year statute of limitations under § 1658."). Shahrivar's initial complaint in this action was filed on March 10, 2010. Accordingly, we consider only those allegations in the SAC dating from March 10, 2006.

Following his demotion, Shahrivar alleges that Sykes and Allen, together with two other defendants, orchestrated his firing by refusing to let his supervisors perform reviews, ignoring requests for objective performance measures, and interfering with his application to a more desirable position for which he asserts he was qualified. Allen, Sykes, and Tsao cited the letter of reprimand issued after the EEOC issued its right-to-sue letter as a justification for Shahrivar's later termination.

"[C]ausation may be established based on the timing of the relevant actions. Specifically, when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1375–76 (9th Cir. 1987)).[4] We have previously held that adverse employment actions which occurred between two and three months after protected activity were sufficient to establish at least a prima facie case of causation. *Miller v. Fairchild Indus., Inc.*,

---

[4] The dissent suggests that the SAC "failed to allege that Sykes, Allen, and Tsao knew that Shahrivar had filed EEOC and DFEH complaints." *Post*, at 2. Admittedly, the SAC is not a model of clarity, but it does allege that: "Defendants knew Plaintiff had filed prior complaints with the EEOC and/or DFEH." And, as we explain, Shahrivar alleges that all the remaining Defendants took specific adverse actions against him in the wake of the EEOC's first right-to-sue letter.

885 F.2d 498, 505 (9th Cir. 1989) (59 days and 42 days); *Yartzoff*, 809 F.2d at 1376 (three months); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (holding that causation was not established where there was a one-and-a-half year gap between protected activity and adverse action). Here, Shahrivar has sufficiently pled facts which, if true, support an inference that Tsao, Sykes, and Allen took adverse employment actions against him because of his protected activity. As a result, the district court's order dismissing Shahrivar's § 1981 retaliation claims arising after March 10, 2006 against Tsao, Sykes, and Allen was improper. The order is vacated as to those claims and the case is remanded for further proceedings.

Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

*Shahrivar v. City of San Jose*, No. 15-17516
BEA, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Shahrivar has failed to state a claim under § 1983 and FEHA, and with the dismissal of Shahrivar's § 1981 claim against the City. I dissent in part only because I would also dismiss Shahrivar's § 1981 claim against individual defendants Tsao, Sykes, and Allen.

The majority is correct that under § 1981, a plaintiff may establish a causal connection between his protected activity and an adverse employment action through circumstantial evidence. As every case cited by the majority illustrates, however, when a plaintiff alleges causation "based on the proximity in time between the protected action and the allegedly retaliatory employment decision," he must also allege that his employer was aware of his protected activities. *See Yartzoff v. Thomas*, 885 F.2d 1371, 1376 (9th Cir. 1987) ("[A]n employer's awareness is essential to showing a causal link." (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982))); *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (upholding jury's inference of retaliation based on timing because the defendants "who participated in the decisions to lay off [the plaintiffs] were aware that the appellants had filed EEOC charges"); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507, 502 (9th Cir. 2000) (upholding jury's finding of causation, but only after noting that the plaintiff had "informed [human resources] of her intentions to seek private legal counsel").

1

Shahrivar's Sixth Amended Complaint failed to allege that Sykes, Allen, and Tsao knew that Shahrivar had filed EEOC and DFEH complaints. Shahrivar makes his closest pass when he alleges that "Jensen, Rapson, Tsao, and Gurza [engaged] in a cover-up to mislead the agency investigators about Plaintiff's discrimination complaint to obtain case closure." Sixth Amended Complaint ¶ 21. But Shahrivar's conclusory allegation that Tsao was part of a "cover-up" does not plausibly allege that Tsao was aware of his protected conduct. Shahrivar never alleges what the defendants *did* to effect the "cover-up." And although Shahrivar thrice repeats his allegation of a cover-up, he points the finger at a slightly different group of defendants each time. First, it is "Jensen, Rapson, Tsao, and Gurza"; then, he alleges that "Gurza and Tsao" alone "induced the agencies to close their files without findings," *id.* ¶ 25; and finally, he suggests, with no mention of Tsao, that "Gurza obtained case closure by misleading and evasive statements to EEOC investigators," *id.* ¶ 28. Shahrivar's conclusory and inconsistent allegations do not plausibly allege that Tsao—much less Sykes or Allen, who are never mentioned in Shahrivar's cover-up allegations—knew of Shahrivar's protected activities.[1]

---

[1] The majority concludes that Shahrivar has alleged sufficient facts to infer the required causal connection because Shahrivar alleged that "Defendants knew Plaintiff had filed prior complaints with the EEOC and/or DFEH." *See* Op. 7 n.3. But this allegation exemplifies the type of "[t]hreadbare recital[] of the elements of a cause of action" that *Iqbal* forbids. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Shahrivar's conclusory statement, devoid of any facts upon which he so concluded, does not suffice.

Accordingly, I would dismiss Shahrivar's § 1981 claim against Tsao, Sykes, and Allen, and I respectfully dissent from that portion of the majority's opinion. I would, however, grant Shahrivar leave to amend his complaint to clarify what acts or omissions the individual defendants undertook to effect the claimed cover-up.